IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DWAYNE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-02429-TLP-atc |
| ) | |
| FIRST HORIZON BANK, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

On June 28, 2022, Plaintiff Dwayne Anderson filed a *pro se* complaint against Defendants First Horizon Bank ("FHB"), D. Bryan Jordan, Kevin Beeson, and an unnamed bank manager, alleging claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Tennessee Consumer Protection Act ("TCPA"), and common law fraud. (ECF No. 1.) Also on June 28, 2022, Anderson filed a motion to proceed *in forma pauperis* (ECF No. 2), which was subsequently granted (ECF No. 6). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons set forth below, it is recommended that Anderson's complaint be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

### **PROPOSED FINDINGS OF FACT**

In his complaint, Anderson alleges that he used an FHB automated teller machine ("ATM") on May 30, 2022, and withdrew $100 from his Money Network debit card account, but

that the ATM failed to dispense the funds, while simultaneously charging him a $3.50 convenience fee. (ECF No. 1, at 1–2.)

On May 31, 2022, Anderson went to FHB's headquarters at 165 Madison Avenue, Memphis, Tennessee, to report his alleged loss of funds at the ATM from the day before. (*Id.* at 2.) Anderson alleges:

> [D]efendant Manager, a Black Female, had instructed me to contact Money Network regarding such. Defendant Manager had failed to provide me whether she was actually the Manager of said defendant FHB and whether the said instruction she had provided me to have funds refunded was accurate and had further disregarded the fact that I was illegally charged said $3.50 convenience fee, and defendant Manager had failed to provide me an appropriate investigation on the subject matters.

(*Id.* at 2.) Anderson also alleges that Defendant Kevin Beeson, FHB's Executive Vice President, "failed to properly oversee the Bank's employees' actions." (*Id.*) Finally, Anderson alleges that Defendant D. Bryan Jordan, FHB's CEO, "engaged in covering up the Bank Employees' wrongdoing and covering up my formal complaints against the employees of FHB." (*Id.* at 2.) Anderson asserts that these acts constitute violations of RICO, the TCPA, and common law fraud, and he seeks $5,000,000 in compensatory damages and $500,000 in punitive damages.

## PROPOSED CONCLUSIONS OF LAW

### I.    28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

2

who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

## II.     Standard of Review for Failure to State a Claim

To determine whether Plaintiff's complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

3

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

### III.     Anderson's RICO Claim

Section 1964(c) of RICO authorizes civil suits and provides in pertinent part: "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c).

4

Section 1962(c) makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To establish a violation of Section 1962, a plaintiff must show: "(1) there were two or more predicate offenses; (2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; (3) a nexus between the pattern of racketeering activity and the enterprise; and (4) an injury to [his or her] business or property by reason of the above." *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993) (citing *Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 274 n.5 (9th Cir. 1988)).

"An essential element of any civil RICO claim is a showing that 'there were two or more predicate offenses.' The predicate offenses that amount to 'racketeering activity' are identified in 18 U.S.C. § 1961(1)." *Moses v. Gardner*, No. 14-cv-2706-SHL-dkv, 2017 WL 1364977, at *5 (W.D. Tenn. Apr. 12, 2017), *aff'd*, No. 17-5497, 2017 WL 9251805 (6th Cir. Nov. 9, 2017) (quoting *Frank*, 4 F.3d at 1385)). "Thus, to establish a pattern of racketeering activity, a plaintiff must allege at least two predicate offenses that amount to or pose a threat of continued criminal activity." *Id.* (citing *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 354 (6th Cir. 2008)). In this case, Anderson fails to identify a single predicate offense, much less two or more predicate offenses, that might constitute a pattern of racketeering activity. The only alleged wrongdoing by Defendants consists of the purported failure by the ATM to dispense the withdrawal funds, while simultaneously changing him a $3.50 convenience fee, followed by Anderson's vague suspicions that Defendants failed to appropriately investigate his allegations concerning the ATM. (ECF No. 1, at 1–2.)

More to the point, "it is axiomatic that a civil RICO claim alleging racketeering activity with a single objective and a single victim is not sufficient to establish a pattern of racketeering activity, as it does not sufficiently evidence long-term criminal conduct." *Moses*, 2017 WL 1364977, at *5 (quoting *Vemco, Inc. v. Camardella*, 23 F.3d 129, 135 (6th Cir. 1995) ("We cannot conclude that [the plaintiff's] alleged actions here, involving a single victim and a single scheme for a single purpose over seventeen months, constitute the type of 'long-term criminal conduct' Congress sought to prohibit with RICO.")).  Even if Anderson's allegations constituted a pattern of racketeering activity, which they do not, all the alleged wrongdoing was directed at Anderson, and the only objective alleged was to deprive him of the ATM withdrawal funds and to charge him a convenience fee.  (ECF No. 1, at 1–2.)  Anderson's allegations involving "a single objective and a single victim are not sufficient to establish a pattern of racketeering activity, as they do not sufficiently evidence long-term criminal conduct." *Clair v. Bank of Am., N.A.*, No. 16-cv-2263-SHL-dkv, 2016 WL 6092715, at *6 (W.D. Tenn. Oct. 19, 2016).  As a result, it is recommended that Anderson's RICO claim be dismissed with prejudice.

**IV.    Anderson's State Law Claims**

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over claims if it has dismissed all claims over which it has original subject matter jurisdiction. *Moses v. Gardner*, No. 14-cv-02706-SHL-dkv, 2016 WL 11249025, at *16 (W.D. Tenn. Oct. 11, 2016), *report and recommendation adopted*, 2017 WL 1364977 (W.D. Tenn. Apr. 12, 2017), *aff'd*, No. 17-5497, 2017 WL 9251805 (6th Cir. Nov. 9, 2017); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)).

In this case, the Court has original subject matter jurisdiction over only Anderson's RICO claim, and he fails to allege any jurisdictional basis over his state law claims for common law fraud and violations of the TCPA. Because this Court recommends dismissal of Anderson's RICO claim, it is further recommended that the Court decline to exercise supplemental jurisdiction over his state law claims. *See Tallent v. Knight*, No. 22-5126, 2022 WL 18862074, at *2 (6th Cir. Sep. 7, 2022) ("The district court declined to exercise supplemental jurisdiction over the [plaintiff's] state-law claims, reasoning that they were subject to dismissal because all of her federal claims were dismissed. If a district court dismisses a plaintiff's federal claims, it is not required to exercise jurisdiction over her state-law claims.") (citations omitted).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Anderson's RICO claim be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. It is further recommended that the Court decline to exercise supplemental jurisdiction over his state law claims and that they be dismissed without prejudice.

Respectfully submitted this 26th day of June, 2023.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.