IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DWAYNE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-02429-TLP-atc |
| v. | ) | |
| | ) | JURY DEMAND |
| FIRST HORIZON BANK, D. BRYAN | ) | |
| JORDAN, KEVIN BEESON, and | ) | |
| MANAGER OF BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Dwayne Anderson filed a pro se complaint against First Horizon Bank, ("FHB"), D. Bryan Jordan, Kevin Beeson, and an unnamed bank manager ("Defendants"), for claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Tennessee Consumer Protection Act ("TCPA"), along with a fraud claim. (ECF No. 1.)  Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie Christoff ("Judge Christoff"), for management of all pretrial matters.  Judge Christoff then granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 6.)

Judge Christoff next screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and entered a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's RICO claim with prejudice and the remaining state law claims without prejudice. (ECF No. 7.)  For the reasons below, the Court **ADOPTS** her R&R.

## **BACKGROUND AND THE R&R**

Plaintiff sued here in June 2022 and moved to proceed in forma pauperis. (ECF Nos. 1–2.) His lawsuit stems from a single instance when he allegedly tried to withdraw $100 dollars from an FHB ATM. (ECF No. 1 at PageID 1–2.) Plaintiff did not receive his funds but was charged a $3.50 convenience fee. (*Id.*) Plaintiff then visited Defendant FHB's headquarters to report these lost funds. (*Id.* at PageID 2.) Plaintiff claims that the unnamed Defendant manager "instructed me to contact Money Network." (*Id.*) But she did not provide any further assistance to Plaintiff and "failed to provide me an appropriate investigation on the subject matters." (*Id.*)

Because this manager did not properly assist Plaintiff, he sues her, along with Defendant Beeson, FHB's Executive Vice President, for failing "to properly oversee the Bank's employees' actions" and Defendant Jordan, FHB's CEO, for "covering up the Bank Employees' wrongdoing and covering up my formal complaints against the employees of FHB." (*Id.*) Plaintiff alleges that Defendants' actions are violations of RICO and the TCPA, and that they constitute fraud. (*Id.*) He demands $5,000 in compensatory damages and then $500,000 in punitive damages. (*Id.*)

After recounting the above factual and procedural history, Judge Christoff screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). (*See* ECF No. 7.) Judge Christoff explained that summonses can be issued in this case only if the complaint satisfies the pleading requirement under Federal Rule of Civil Procedure 12(b)(6) and its application in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

Judge Christoff then analyzed Plaintiff's RICO claim and determined that it does not satisfy the pleading requirement under rule 12(b)(6). (ECF No. 7 at PageID 21–23.) And since

the RICO claim did not clear the plausibility standard, the Court maintains no original jurisdiction over the two remaining state law claims.  (*Id.* at PageID  23–24.)  Judge Christoff then recommended that Plaintiff's RICO claim be dismissed with prejudice and that the remaining state law claims be dismissed without prejudice because the Court should not exercise supplemental jurisdiction.  (*Id.* at PageID 24.)

## **LEGAL STANDARD**

Because Plaintiff is a pro se, non-prisoner litigant and proceeding in forma pauperis, the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B) before issuing process.  *See also*, Local Rule 4.1(b)(2).  Under § 1915(e)(2)(B), the Court will dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against an immune defendant.

The standard for determining whether a complaint adequately states a claim is identical to the requirements under Federal Rule of Civil Procedure, 12(b)(6).  To avoid dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.  A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).  But the court need not accept as true any conclusory allegation because every legal conclusion in a complaint "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.

Courts liberally construe pro se complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Williams v. Curtin*, 631 F.3d 380, 383 (2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  But even pro se complaints

3

must satisfy the plausibility standard. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("the lenient treatment generally accorded to pro se litigants has limits."). And pro se litigants are not exempt from following the Federal Rules of Civil Procedure. *See Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011). Courts also "have no obligation to act as counsel or paralegal to pro se litigants." *Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If the parties do not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R in June 2023 and Plaintiff did not object timely. The Court therefore reviews the R&R for clear error.

## DISPOSITION

After review, the Court agrees with Judge Christoff's R&R.

I.   **Plaintiff Failed to State a RICO Claim**

The Court's first question is whether the combination of Plaintiff losing $100, the bank employee's failure to assist Plaintiff, and senior management's failure to supervise support a RICO claim under Rule 12(b)(6).  Judge Christoff found that it cannot, and this Court agrees.

RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).  To establish a violation of Section 1962, a plaintiff must show: "1) there were two or more predicate offenses; 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to business or property by reason of the above." *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993) (citation omitted).

The "essential element" for a RICO claim is its requirement to prove "two or more predicate offenses." *Moses v. Gardner*, 2017 WL 1364977, at *5 (W.D. Tenn. Apr. 12, 2017), *aff'd*, 2017 WL 9251805 (6th Cir. Nov. 9, 2017).  These predicate offenses are exclusively listed in 18 U.S.C. § 1961(1).  But Plaintiff's complaint contain no such offenses.

First, Plaintiff accuses Defendants of violating the TCPA.  (ECF No. 1 at PageID 2.)  But because the TCPA is not a criminal statute, it cannot constitute a predicate offense under RICO. *See Bushnell v. Bedford Cnty.,* 432 F. App'x 472, 474 (6th Cir. 2011).  This only leaves Plaintiff's generalized "fraud" claim, where he alleges violation of 18 U.S.C. § 1961-68.  Except these are the statutory provisions for RICO, not separate fraud statutes.

Had Plaintiff properly alleged mail or wire fraud, as permitted in § 1961(1), he would have had to comply with the heightened pleading standard under Federal Rule of Civil Procedure 9(b). *See Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008). Rule 9(b) directs a party to "state with particularity the circumstances constituting fraud or mistake." This means that Plaintiff would need to describe: 1) a fraudulent statement; 2) the speaker who issued this statement; 3) when and where the statement was made; and 4) how it was fraudulent. *Heinrich v. Waiting Angels Adoption Servs., Inc.,* 668 F.3d 393, 404 (6th Cir. 2012). And he must explain how this wire or mail fraud allegation is the proximate cause of his injuries. *Id.*

Plaintiff never identifies a single predicate offense, much less two or more that could show a pattern of racketeering activity. In fact, Defendants' only alleged wrongdoing is the ATM's failure to dispense $100, charging a $3.50 convenience fee, and then failing to investigate Plaintiff's allegations. (ECF No. 1, at PageID 1–2.) Even if this conduct qualified as a pattern of activity, all the so-called wrongdoing was directed solely at Plaintiff. (*Id.*) And civil RICO claims "with a single objective and a single victim are not sufficient to establish a pattern of racketeering activity, as they do not sufficiently evidence long-term criminal conduct." *Clair v. Bank of Am., N.A.,* 2016 WL 6092715, at *6 (W.D. Tenn. Oct. 19, 2016).

Even if the factual allegations here are accepted as true, and construed in Plaintiff's favor, they cannot satisfy the Rule 12(b)(6) pleading requirement. For this reason, Judge Christoff recommended dismissing Plaintiff's RICO claim with prejudice. (ECF No. 7 at PageID 23.) This Court agrees with her recommendation.

**II.    There Is No Jurisdiction Over Plaintiff's Remaining State-law Claims**

Because Plaintiff's remaining claims are both state law claims—for fraud and violations of the TCPA—Judge Christoff correctly determined that this Court lacks original subject matter

jurisdiction.  *See* 28 U.S.C. § 1367(c)(3).  When a federal court lacks jurisdiction, it may decline to exercise supplemental jurisdiction.  *See Wojnicz v. Davis*, 80 F.App'x 382, 384–85 (6th Cir. 2003) ("[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well").  Judge Christoff recommended dismissal of Plaintiff's two state law claims because, following dismissal of Plaintiff's RICO claim, there is no separate basis for subject matter jurisdiction.  And Plaintiff never explained why the Court should maintain jurisdiction.  (*See* ECF No. 1 at PageID 1, ECF No. 7 at PageID 24.)  The Court agrees with Judge Christoff and adopts her recommendation.

## CONCLUSION

The Court reviews Judge Christoff's R&R for clear error and finds none.  And so the Court **ADOPTS** Judge Christoff's R&R, **DISMISSES** Plaintiff's RICO claim **WITH PREJUDICE** and **DISMISSES** Plaintiff's state law claims **WITHOUT PREJUDICE.**

**SO ORDERED**, this 19th day of April, 2024.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE